IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WEEKS, #283804, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-CV-610-WHA |
| | ) | [WO] |
| | ) | |
| MELVIN CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Ronald Weeks, an indigent inmate, initiated this 42 U.S.C. § 1983 action on June 26, 2012.[1]  In this civil action, Weeks sets forth claims challenging the conditions to which he was subjected during his confinement at the Macon County Jail from April 10, 2010, until May 30, 2012.  *Doc. No. 9* at 2.  Weeks filed an amendment to the complaint on August 24, 2012.  *Doc. No. 11*.  Weeks seeks compensatory and nominal damages for the alleged violations of his constitutional rights.  *Doc. No. 9* at 6.

The defendant filed a special report, a supplement to the report and supporting

---

[1]The Clerk stamped the initial complaint "received" on July 16, 2012.  However, Weeks indicates that he presented the complaint to correctional officials for mailing on June 26, 2012.  *Complaint - Doc. No. 1* at 8.  A *pro se* inmate's case is deemed filed the date the inmate delivers the complaint to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Weeks signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers June 26, 2012 as the date of filing.

evidentiary materials addressing Weeks' claims for relief. In these documents, the defendant denies that he acted in violation of Weeks' constitutional rights. In addition, the defendant asserts that the complaint is due to be dismissed because prior to filing this cause of action Weeks failed to exhaust an administrative remedy available to him at the Macon County Jail with respect to the claims presented in the amended complaint. *Defendant's Special Report - Doc. No. 36* at 7-9. The defendant bases his exhaustion defense on the plaintiff's failure to file a grievance regarding the claims pending before this court as allowed by the jail's grievance procedure before seeking relief from this court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted). Therefore, the court will cumulatively treat the defendant's reports as a motion to dismiss.

## II.  STANDARD OF REVIEW

The Eleventh Circuit has determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed.Appx. 364, 366 (11th Cir. 2012).

Based on the foregoing, the court will "resolve this issue first."  *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed.Appx. at 366.

Upon review of the undisputed facts of this case as evidenced by the evidentiary materials filed by the defendants, the court concludes that the defendant's motion to dismiss is due to be granted.

## III.  DISCUSSION

Weeks challenges conditions of confinement at the Macon County Jail during a prior term of incarceration at this facility.  In response to the claims presented in the complaint, the defendant denies Weeks' allegations and maintains that this case is subject to dismissal because Weeks failed to exhaust the administrative remedy provided at the Macon County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative

remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings....  Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative

4

remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).  "*The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint*."  *Smith v. Terry*, 491 Fed.Appx.  81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

The record in this case demonstrates that the Macon County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendant's Exhibit F - Doc. No. 39-1* at 2-4.  The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters/conditions occurring at the Macon County Jail.  *Id*. at 2.  The relevant portion of the grievance procedure provides that an inmate may first file "an informal grievance by discussing the specific problem with a staff member.  Normally, these informal grievances are filed verbally with staff having

contact with the inmate during routine supervision. Where and when possible, staff receiving the grievance may address the complained of condition directly. Emergency grievances, in which delay in handling could result in personal injury or other damages to the inmate, will be handled expeditiously.... If not resolved at the officer level, the grievance will be passed to the shift leader for action or subsequent referral." *Id*. at 3. Where the issue is not resolved through an informal grievance or the inmate chooses to forego filing an informal grievance, the inmate "may submit a written grievance to the grievance officer.... Formal grievances are filed in writing ... [and] [g]rievance forms ... will be made available to inmates upon request. A problem that results from a specific event or action must be presented ... within seven [7] days of the occurrence...." *Id*. All grievances are referred to the grievance officer for disposition and this officer will present his/her decision to the inmate "no later than [15] days after the grievance is received." *Id*. If the inmate is dissatisfied with the decision of the grievance officer, the inmate may appeal to the Jail Administrator. *Id*. at 4.

On September 5, 2014, the court entered an order which provided Weeks an opportunity to file a response to the arguments set forth by the defendant. *Doc. No. 40*. The time allowed Weeks to file his response expired on September 25, 2014. As of the present date, Weeks has filed no response to this order. The court therefore concludes that the claims presented in this cause of action are subject to dismissal. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388.

The record before the court demonstrates that Weeks failed to exhaust an administrative remedy available to him during his confinement in the Macon County Jail prior to seeking federal relief, a precondition to proceeding in this court on his claims. Specifically, the court finds that Weeks did not submit any grievance related to the instant claims for relief as permitted by the jail's grievance procedure prior to filing this cause of action.  In addition, the time for using the grievance procedure with respect to the claims raised by Weeks expired prior to his filing this case and Weeks has presented nothing  to justify his failure to exhaust the jail's grievance procedure.

Under the circumstances of this case, the court finds that dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1157 (same); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available "administrative remedies have become unavailable after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust."); *Howard v.*

7

*McWhorter, et al.*, Case No. 2:12-CV-692-TMH-WC (inmate's claims dismissed with prejudice for failure to exhaust jail's grievance procedure prior to filing federal civil action), appeal dismissed as frivolous September 29, 2014.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion to dismiss be GRANTED as the plaintiff failed to properly exhaust an administrative remedy previously available to him at the Macon County Jail prior to filing this federal civil action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy provided to him during his confinement in the Macon County Jail as this remedy is no longer available to him with respect to the claims presented in this cause of action.

It is further

ORDERED that on or before November 13, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE